■ MURRAY LANDY, Respondent, v. I. LAWRENCE LESAVOY, Appellant.— Order unanimously affirmed, with $50 costs and disbursements to the respondent. No opinion. The date for the examination to proceed shall be fixed in the order. Settle order on notice. Concur — Breitel, J. P., Botein, Cox and Frank, JJ.

■ BRIDGE HARDWARE CO., INC., Respondent, v. PHILIP TRAGER et al., as Executors of MICHAEL MAXIMILIAN, Deceased, et al., Appellants.— Order granting leave to increase the damages claimed in the complaint, unanimously reversed, with $50 costs and disbursements to the appellants, and the motion denied, without prejudice to a new application upon proper papers. The moving papers contain only conclusory statements by one who is not shown to have knowledge of the facts. Proper papers would require averment by a person or persons, shown to have knowledge of the facts, and detailing the dates when the strike began and when it ended, when the facts were first learned of the claimed increased damages and the circumstances under which such knowledge was acquired. Concur — Breitel, J. P., Botein, Cox and Frank, JJ.

■ In the Matter of the Probate of the Will of AGNES B. MOMAND, Deceased. GUARANTY TRUST COMPANY OF NEW YORK et al., Appellants; NATIONAL BANK OF DETROIT et al., as Foreign Coguardians of WILHELMINA VAN ETTEN, an Incompetent, et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel. J. P., Botein, Cox and Frank, JJ. [See *post*, p. 885.]

■ RECTOR, CHURCHWARDENS AND VESTRYMEN OF ST. MICHAEL'S PROTESTANT EPISCOPAL CHURCH, Appellant, v. WILLIAM H. DEACY, Respondent. WILLIAM H. DEACY, Plaintiff, v. RECTOR, CHURCHWARDENS AND VESTRYMEN OF ST. MICHAEL'S PROTESTANT EPISCOPAL CHURCH, Defendant.— The record discloses that issue had not yet been joined in both actions when the motion was made. Order unanimously modified so as to grant leave to renew after issue has been joined and, as so modified, affirmed. Concur — Breitel, J. P., Botein, Cox and Frank, JJ.

■ METROPOLITAN LIFE INSURANCE COMPANY, Appellant, v. EMANUEL GOLDBERGER et al., Respondents.— Defendants are entitled to examine plaintiff life insurance company on all material and competent facts that it obtained concerning the policyholder's medical history prior to the alleged rescission of the policies in suit and as to the dates when such information was obtained. However, while defendants may elicit those facts within the knowledge of plaintiff through which they propose to establish their defenses, particularly the defense of waiver, they may not examine into the manner and means by which plaintiff investigated and procured such facts, nor may they require the production of confidential records or documents reflecting plaintiff's investigations after the issuance of the policies (*Naiman* v. *Niagara Fire Ins. Co.*, 283 App. Div. 1016; *Friedman* v. *Metropolitan Life Ins. Co.*, 1 A D 2d 766). The scope of items 2 and 4 is broad enough to call for such incompetent evidence. Accordingly, the order is unanimously modified to the extent of striking items 2 and 4 and eliminating the requirement of the production of records as indicated above. The date for the examination to proceed shall be fixed in the order. Settle order on notice. Concur — Breitel, J. P., Botein, Cox and Frank, JJ.

■ HAROLD HARPER, as Trustee in Bankruptcy of HARRY STEINFELD, Bankrupt, Respondent, v. STONE & STONE, INC., Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Botein, Cox and Frank, JJ.